**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MATTHEW J. BELOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-2241-JAR-GLR |
| | ) |
| UNITED PARCEL SERVICE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM AND ORDER**

Plaintiff Matthew J. Below, proceeding *pro se* and *in forma pauperis*, brings this action against his employer, Defendant United Parcel Service ("UPS"), alleging claims of discrimination under Title VII of the Civil Rights Act, and the Kansas Act Against Discrimination ("KAAD"). This matter is before the Court on Defendant's Motion to Dismiss (Doc. 7). For the reasons explained in detail below, Defendant's motion is granted.

**I.      Failure to Respond**

Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired.[1] Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[2] As a result of Plaintiff's failure to respond, the Court may grant Defendant's motion to dismiss as uncontested.

## II.     Motion to Dismiss

The Court also finds that the Complaint must be dismissed on the merits for the reasons identified in Defendant's motion to dismiss. As an initial matter, Plaintiff's Title VII claims must be dismissed for lack of subject matter jurisdiction because he failed to exhaust his administrative remedies. Title VII requires a plaintiff to first exhaust his administrative remedies.[3] In the Tenth Circuit, failure to exhaust administrative remedies is a jurisdictional bar to filing suit in federal court.[4] Because exhaustion of administrative remedies is a jurisdictional requirement, the plaintiff bears the burden of showing exhaustion.[5] To exhaust administrative remedies, a plaintiff must file a charge of discrimination with either the EEOC or an authorized local agency and receive a right-to-sue letter based on that charge.[6] Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[7] A court lacking jurisdiction must dismiss the case, regardless of the stage of the

---

[2]*Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[3]*Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).

[4]*Id.*; *Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 665 (D. Kan. 2014).

[5]*McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002).

[6]*Mackley*, 296 F.R.D. at 665.

[7]*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

proceeding, when it becomes apparent that jurisdiction is lacking.[8]  The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[9] "Thus, plaintiff bears the burden of showing why the case should not be dismissed."[10]  Mere conclusory allegations of jurisdiction are not enough.[11]

In considering Defendant's facial attack on the sufficiency of the Complaint, the Court assumes as true the allegations therein.[12]  Plaintiff attached his administrative complaint to his Complaint in this case, which only alleges claims of age discrimination.[13]  There is no record of an administrative claim as to Title VII violations that was presented to the Kansas Human Rights Commission or the EEOC.  The Court therefore dismisses the Title VII claims for lack of subject matter jurisdiction.

Next, the Court finds that Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).  To state a claim upon which relief can be granted the complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief."[14]  Under the "plausibility" standard that guides this court, a complaint must contain sufficient factual allegations to give fair notice to Defendant of

---

[8]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[9]*Montoya*, 296 F.3d at 955.

[10]*Harms v. IRS*, 146 F. Supp. 2d 1128, 1130 (D. Kan. 2001).

[11]*United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc*., 190 F.3d 1156, 1160 (10th Cir. 1999).

[12]*See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990))

[13]Doc. 1 at 8–9.

[14]Fed. R. Civ. P. 8(a)(2).

the grounds of the claim against them.[15]  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."[16]  Assuming, *arguendo*, that Plaintiff's administrative grievance included his claims under Title VII, those claims are time-barred because the Complaint was filed more than 90 days after he received his right to sue letter.[17]  Moreover, those claims must be dismissed for failure to allege that he is a member of a protected class.[18]

Finally, this Court lacks jurisdiction to decide Plaintiff's claims regarding his collective bargaining agreement.  The National Labor Relations Board has exclusive jurisdiction to decide unfair labor practices.[19]  And to the extent Plaintiff alleges a claim under the Labor Management Relations Act that is not preempted, he must allege exhaustion of remedies under the collective bargaining agreement; he has not done so.[20]

"[A] *pro se* litigant bringing suit *in forma pauperis* is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no

---

[15]*Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

[16]*Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007)).

[17]*See* 42 U.S.C. § 2000e-5(f)(1); *Witt v. Roadway Express*, 136 F.3d 1424, 1429 (10th Cir. 1998).  When the actual receipt date for a right-to-sue letter is unknown, the Tenth Circuit has implicitly sanctioned up to a five-day mailing time presumption from the date of the letter.  *See Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001).  Assuming a five-day presumption in this case, Plaintiff received the right to sue letter on September 13, 2014, making his 90-day deadline December 12, 2014.  He filed his Complaint in this case on January 15, 2015, well beyond this date.

[18]Title VII of the Civil Rights Act of 1964 prohibits unlawful employment practices on the basis of race, color, religion, sex, or national origin.

[19]*San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 244 (1959); *Hasten v. Phillips Petroleum Co.*, 640 F.2d 274, 277 (10th Cir. 1981).

[20]*Aguinaga v. United Food & Comm. Workers Int'l Union*, 993 F.2d 1463, 1471–72 (10th Cir. 1993).

amendment can cure the defect."[21]  Leave need not be granted if amendment would be futile.[22]  However, if the *pro se* plaintiff's factual allegations are close to stating a claim but are missing some important element, the Court should allow him leave to amend.[23]  The Court finds that leave to amend in this case would be futile.  The deficiencies with Plaintiff's administrative exhaustion are not curable and this Court's jurisdiction is preempted as to acts protected by the National Labor Relations Act.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 7) is **granted**.  This case is hereby dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: March 23, 2015

S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE

---

[21] *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

[22] *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).

[23] *Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).